UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Bonny J. Yahnke,** | ) | **CASE NO. 1:10 CV 1470** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Lodi City Police Officer Nixon, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon Defendant Medina County Sheriff's Motion to Dismiss (Doc. 5). For the following reasons, the motion is UNOPPOSED and GRANTED.

### Discussion

Plaintiff, Bonny J. Yahnke, filed this § 1983 Complaint against defendants, Lodi City Police Officer Nixon, The City of Lodi Police Department, The Seville Police Department, The Medina County Sheriff, and John Does 1-10. Plaintiff alleges that she suffered injuries following an investigatory traffic stop.

Defendant, The Medina County Sheriff, moves to dismiss on the ground that, as an administrative unit of a local government it is not *sui juris* and, therefore, cannot be sued.

Plaintiff has not opposed the motion. For the following reasons, the Court finds that dismissal of this defendant is proper.

A county sheriff's office is not a legal entity capable of being sued for purposes of § 1983. *Petty v. County of Franklin, Ohio,* 478 F.3d 341 (6th Cir. 2007); *Brett v. Wallace,* 107 F.Supp.2d 949 (S.D.Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983."); *Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) ("The Sheriff's Department is not a legal entity subject to suit."); *Elkins v. Summit County, Ohio,* 2008 WL 622038 (N.D.Ohio March 5, 2008) (In an action for a § 1983 violation and related state law violations, the court recognized that administrative units of a local government, such as a municipal police department, are not *sui juris* because they cannot be sued absent positive statutory authority and Ohio does not have such a law.)

The Complaint names this defendant as The Medina County Sheriff and identifies it as "a municipal corporation and the public employer of Defendants John Does 1-10." (Compl. ¶ 11) Clearly, plaintiff has named the sheriff's office or department as a defendant. Since this entity is not subject to suit, dismissal is proper.

Because the Court finds dismissal warranted on this ground, the Court need not address defendant's alternative arguments for dismissal.

### **Conclusion**

For the foregoing reasons, Defendant Medina County Sheriff's Motion to Dismiss is granted.

IT IS SO ORDERED.

2

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/27/10